DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**JADA GRIFFIN,**
Appellee.

No. 4D2024-1332

[February 25, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gerard J. Curley Jr., Judge; L.T. Case No. 502022CA001699XXXXMB.

David A. Noel and Kara Rockenbach Link of Link & Rockenbach, P.A., West Palm Beach, for appellant.

Robert C. Hubbard and George A. Vaka of Vaka Law Group, P.L., Tampa, for appellee.

MAY, J.

Water damage and an insurance claim create the issues in this appeal. An insurer appeals a final judgment in favor of the insured. The insurer argues, among other things, that the trial court erred in denying its motion to dismiss for failure to plead or provide pre-suit notice of intent to initiate litigation, and in failing to give requested jury instructions. We agree in part and reverse.

- ***The Facts***

The case arose from a first-party property insurance dispute over a plumbing leak. The insured's home was insured under an all-risks policy issued by the insurer for the period January 22, 2020, to January 22, 2021. Within the policy period, the insured discovered significant water inside the home. After searching the house, the insured noticed water gushing from a seam in the dining room tiles.

The insured undertook initial cleanup efforts and turned off the water. She later retained a public adjuster and hired a plumber for temporary re-piping. The public adjuster reported the loss to the insurer on November 4, 2020.

The insurer inspected the property on November 19, 2020. In December, the field adjuster prepared and submitted an estimate, but the insurer did not pay the claim. Instead, the insurer initially sent document requests to an incorrect email address, finally sending them to the correct email address on January 21, 2021.

The public adjuster requested additional time to submit proof of loss. The insurer denied the extension request and coverage on March 1, 2021, citing failure to comply with post-loss obligations. In September 2021, the insured submitted the requested documents, including a sworn proof of loss statement. The insurer did not withdraw its denial of the extension request or pay the claim.

The insured sued the insurer for breach of contract. Soon thereafter, the insurer issued a $4,979.34 payment based on the field adjuster's initial estimate. On March 29, 2022, the insurer moved to dismiss the complaint, arguing the insured "fail[ed] to strictly comply with pre-suit notice requirements in violation of [Florida Statute section 627.70152]." The trial court denied the insurer's motion to dismiss on May 31, 2022.

On May 3, 2023, we issued our decision in *Cole v. Universal Property & Casualty Insurance Co.*, 363 So. 3d 1089 (Fla. 4th DCA 2023). There, we held that section 627.70152's pre-suit notice requirement applies retroactively.[1]

On October 17, 2023, the insurer renewed its motion to dismiss, citing the newly published *Cole* decision. After a hearing, the trial court denied the insurer's renewed motion to dismiss.

At trial, the insured sought to prove the insurer breached the insurance policy by failing to pay the full amount of the covered loss. The insurer sought to prove the insured failed to comply with her post-loss obligations and that it was prejudiced by her non-compliance.

During the charge conference, the insurer argued that the insured's failure to use reasonable means to save and preserve property after the

---

[1] The statute became effective on July 1, 2021.

2

time of loss fell within the policy's neglect exclusion.  The neglect exclusion provided, in relevant part:

> **SECTION I – EXCLUSIONS**
> A. We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.  These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
> * * *
> **5. Neglect**
> Neglect means neglect of any "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

The insurer cited the insured's actions in turning the water back on "at least three times" after discovering the water damage and argued that neglect resulted in further damage to the property.  To the extent there was any damage caused by the insured's neglect, the insurer insisted the neglect exclusion in conjunction with the anti-concurrent cause provision barred coverage for her entire claim.  The insured responded that those provisions did not act as a complete bar to coverage and applied only to damage the insurer proved was caused by her neglect.

The trial court ultimately instructed the jury to deduct the amount of damage caused by the insured's neglect from any potential award:

> If [the insurer] proves by the greater weight of the evidence that part of [the insured's] loss was caused by her neglect to use all reasonable means to save and preserve property at or after the time of the loss, then **the amount of damages from the loss attributable to neglect should be deducted** from [the insured's] damages, if any damages are found.

(Emphasis added).

The jury found the insurer breached the insurance contract, and despite the insured's failure to substantially comply with one or more of her post-loss obligations, the insurer was not prejudiced as a result.  The jury awarded the insured $50,000 in covered damages.  The trial court entered a final judgment for $42,520.66, representing the jury's verdict ($50,000), less the policy's deductible ($2,500) and the insurer's prior payment (4,979.34).

3

The insurer moved post-trial to set aside the verdict and asked the trial court to enter a dismissal, or alternatively to grant a new trial. The trial court denied the insurer's motion. From the judgment, the insurer now appeals.

- ***The Analysis***

  - ○ *Cole's Application to this Case*

The insurer first argues the trial court erred by denying its motion to dismiss based on the insured's failure to give pre-suit notice of intent to initiate litigation as required by section 627.70152, Florida Statutes (2021). The insurer argues our *Cole* decision requires a reversal with instructions to dismiss the case without prejudice. *Cole*, 363 So. 3d at 1092.

The insured responds that *Cole* is factually distinguishable. Alternatively, the insured asks us to recede from *Cole* and follow the Sixth District's holding in *Hughes v. Universal Property & Casualty Insurance Co.*, 374 So. 3d 900, 910 (Fla. 6th DCA 2023), *review granted*, No. SC2024-0025, 2024 WL 1714497 (Fla. Apr. 22, 2024). Lastly, the insured argues independent grounds require us to affirm. We agree with the insurer on this issue.

"The question of whether a statute applies retroactively or prospectively is a pure question of law; thus, our standard of review is de novo. . . . We also review de novo a trial court's ruling on a motion to dismiss." *Cole*, 363 So. 3d at 1091 (internal citations and quotations omitted).

Section 627.70152, Florida Statutes, provides in pertinent part:

> (3) Notice.—
> (a) As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department [Florida's Department of Financial Services] with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131 . . .
> (5) Dismissal of suit.-- A court **must dismiss without prejudice** any claimant's suit relating to a claim for which a

4

> notice of intent to initiate litigation was not given as required by this section . . .

§ 627.70152(3)(a), (5), Fla. Stat. (2021) (emphasis added).

In *Cole*, we held that section 627.70152's pre-suit notice requirement applies retroactively to suits filed under policies that predate the statute's enactment on July 1, 2021. *Cole*, 363 So. 3d at 1095. There, we affirmed the trial court's dismissal without prejudice of the plaintiff's complaint for failure to file a pre-suit notice under section 627.70152 even though the plaintiff's policy had issued before the statute's effective date. *Id.*; *see also Cantens v. Certain Underwriters at Lloyd's London*, 388 So. 3d 242, 243 (Fla. 3d DCA 2024) (agreeing with *Cole*).

Here, the insurance policy also predated the effective date of section 627.70152, Florida Statutes. It is undisputed that the insured did not provide a pre-suit notice of intent to initiate litigation. The insurer timely moved to dismiss the complaint based on this deficiency. But the trial court denied the motion, reasoning that section 627.70152 did not apply because the policy was not in existence when the statute became effective.

The insured argues this case is distinguishable from *Cole* because the policy here not only predated section 627.70152's effective date but also **expired** before the effective date. Relying on our language in *Cole*, the insured suggests that "because the presuit notice requirement of section 627.70152 applies retroactively as a procedural provision, it applies [only] to **existing policies in effect** at the time of enactment." *Cole*, 363 So. 3d at 1095 (emphasis added). From this language, the insured argues the policy was not "**existing**" at the time of the statute's enactment and thus falls outside our holding and the statute's reach.

The insurer responds this is a distinction without a difference. The insurer suggests two reasons why this distinction does not alter the outcome. First, the insured's argument reads *Cole* too narrowly. Second, even under the insured's framing, the policy was "**in existence**" for purposes of section 627.70152. Although the policy period had expired, the policy applied to losses that occurred during the policy term.

The trial court's ruling runs afoul of *Cole*. The insured's failure to comply with the statute required dismissal without prejudice under subsection (5). *Cole*, 363 So. 3d at 1093. Accordingly, we must reverse and remand the case for dismissal of the complaint without prejudice.[2]

---

[2] We see no merit in the other issues raised and affirm as to them.

We reverse and remand the case for entry of a dismissal without prejudice, pursuant to *Cole.*

*Affirmed in part; reversed in part and remanded.*

CONNER and LOTT, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**